## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**TRINITY WINSLOW, D/B/A AQUARIUZ MERMAID TAILS**, an individual,

    Plaintiff,

v.

**KRISTIE E. FOSTER**, an individual; **RYAN A. NEWMAN**, an individual; and **AQUARIUS MERMAID TAILS LLC**, a Colorado limited liability company,

    Defendants.

---

## VERIFIED COMPLAINT

---

COMES NOW, Plaintiff, by and through her attorneys of record, Law Offices of Daniel T. Goodwin, and hereby alleges and states as follows:

### A. PARTIES

1. Plaintiff Trinity Winslow ("Plaintiff") is an individual with a place of residence at 832 Tupper Street, Santa Rosa, CA 95404.

2. Defendant Kristie Foster ("Foster") is an individual with, upon information and belief, a place of residence at 9834 Sunset Hill Circle, Lone Tree, CO 80124.

3. Defendant Ryan Newman ("Newman") is an individual with, upon information and belief, a place of residence at 9834 Sunset Hill Circle, Lone Tree, CO 80124.  Upon information and belief, Newman is the spouse of Foster.

4. Defendant Aquarius Mermaid Tails LLC is a Colorado limited liability company with its principal place of business at 9300 E. Mineral Avenue, Apt. 239, Centennial, CO 80112.

The agent for service of process of such company is United States Corporation Agents, Inc., 121 S. Tejon Street, Suite 900, Colorado Springs, CO 80903.

### B. JURISDICTION AND VENUE.

5. Plaintiff incorporates by reference all allegations set forth above.

6. This action is brought under the Lanham Act, 15 U.S.C.A. §§ 1051 *et seq*. This Court has jurisdiction pursuant to section 1121 of the Act (15 U.S.C.A. § 1121), as well as section 1338 of the Judicial Code (28 U.S.C.A. § 1338).

7. This Court has personal jurisdiction over Defendants as the acts set forth below occurred and are occurring in commerce in the District of Colorado.

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the District of Colorado because the actions, which give rise to the claims below, have occurred in this District and will continue to take place in this District, and Defendant and its agents at all times material hereto do business in the State of Colorado within this District.

### C. FACTS

9. Plaintiff incorporates by reference all allegations set forth above.

10. Since as early as February 29, 2016, Plaintiff has provided retail store services featuring swimmable mermaid tails and other swimming costumes for children and adults under the mark AQUARIUZ®.

11. Since as early as March 2, 2016, Plaintiff has manufactured and distributed swimmable mermaid tails and swimming costumes under the mark AQUARIUZ®.

12. Plaintiff's mark is a fanciful term created specifically for swimmable mermaid tails and swimming costume products.

13. On December 16, 2019, Plaintiff applied for federal registration of the mark AQUARIUZ®, and the United States Patent and Trademark Office granted such registration on July 7, 2020 under registration number 6095843.

14. Plaintiff has continuously used the mark AQUARIUZ® in connection with mermaid tails and other swimming costume products from at least as early as February 29, 2016 to the present, and from the date of Plaintiff's application for registration to the present.

15. Prior to October 25, 2019, Foster and Newman owned a company called Swimtails, LLC, which sold swimmable mermaid tails.

16. Swimtails, LLC owns a federal registration of the mark SWIMTAILS®, which the United States Patent and Trademark Office granted on August 1, 2017.

17. On February 27, 2019, an artist named Angela Jarman published on her website an extremely detailed account of how Foster and Neuman unlawfully copied her design for one of their mermaid tail products.

18. Upon information and belief, Foster and Neuman also used without permission the designs of other third-parties for its mermaid tails (for example, mermaid tails using Pokémon characters), and thus earned a reputation in the mermaid tails community of having a blatant disregard for the creative rights and efforts of others.

19. By June 27, 2019, Swimtails, LLC had nearly ninety (90) complaints filed with the Better Business Bureau, many making allegations of theft and fraud by the company.

20. The community that purchases and uses swimmable mermaid tails is relatively small, but very active and well-connected online. Thus by 2019, Defendants' poor reputation was able to quickly spread in this community.

21. On September 20, 2019, Swimtails, LLC unpublished the company's website and shut down the company's social media pages.

22. On October 25, 2019, Foster publicly announced on Swimtails, LLC's social media pages that it was rebranding as "Aquarius Mermaid Tails" and would be selling swimmable mermaid tails and swimming costumes under this name.

23. Concurrently with this announcement, Defendants launched the website domain www.aquariusmermaid.com for marketing and selling their mermaid tail products.

24. On October 27, 2019, Plaintiff contacted Defendants and requested that they cease use of the confusingly similar mark, "Aquarius Mermaid Tails", in order to prevent purchaser confusion with Plaintiff's AQUARIUZ® mark.

25. On November 4, 2019, Foster formed Defendant Aquarius Mermaid Tails LLC as a Colorado limited liability company.

26. On December 17, 2019, Plaintiff, through trademark counsel, sent a formal cease and desist letter to Defendants.

27. On July 10, 2020, Plaintiff sent Foster a third request by email demanding that Defendants cease use of the confusingly similar mark, "Aquarius Mermaid Tails", and to notify Defendants that AQUARIUZ® was now federally registered, affording Plaintiff certain legal rights under Federal trademark law.

28. On July 27, 2020, a customer of Defendants filed a complaint with the Better Business Bureau, detailing Defendants' failure to ship an ordered product and refusal to honor their published refund policy that was published on their website.

29. On August 1, 2020, Plaintiff filed a trademark infringement report with Shopify, which hosted Defendants' retail store website.

30. On August 12, 2020, Defendants changed the name of their business to "Shello Mermaid" and disabled the website at www.aquariusmermaid.com and the "Aquarius Mermaid Tails" social media pages.

31. Plaintiff contacted Defendants to present a settlement and release agreement under which Defendants would formally agree to totally abandon their use of "Aquarius Mermaid Tails" in exchange for Winslow releasing all legal claims against them. Foster confirmed that Defendants would no longer use the competing marks and make a "good faith effort" to comply with the provisions of the settlement and release agreement, but she refused to actually execute the settlement and release agreement.

32. Then, a few days later, Defendants re-activated the website and several of the social media accounts under "Aquarius Mermaid Tails".

33. Plaintiff again reached out by email to Defendants to demand that they discontinue using Plaintiffs registered mark or confusingly similar designations for their business; otherwise Plaintiff was prepared to initiate litigation. Defendants have refused to discontinue using their confusingly similar mark, "Aquarius Mermaid Tails".

34. As of the date of this Verified Complaint, www.aquariusmermaid.com is still live and allows potential customers to purchase swimmable mermaid tails.

35. As of the date of this Verified Complaint, Defendant's Facebook page, Aquarius Mermaid Tails, is still active and selling swimmable mermaid tails.

36. Defendants' business activities and other actions under "Aquarius Mermaid Tails" since October 2019 have severely harmed the business and reputation of Plaintiff.

### FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under 15 U.S.C. §1114)

37. Plaintiff incorporates by reference all allegations set forth above.

38. Defendants have and are engaged in acts of trademark infringement of Plaintiff's registered trademark in violation of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. Without Plaintiff's consent, authorization, or license, Defendants have promoted, marketed, advertised and offered their products for sale and service, using Plaintiff's registered trademark or confusingly similar designations. Defendants' actions are likely to cause confusion among customers and potential customers, as to some affiliation, connection, or association of Defendants to Plaintiff, or as to the origin, sponsorship, or approval of Plaintiff's goods or commercial activities by Defendants.

40. Defendants' acts have damaged, impaired and diluted that part of Plaintiff's goodwill symbolized by her registered trademark.

41. Defendant had actual knowledge of Plaintiff's right to the trademark, AQUARIUZ®, when it continued to use the mark or confusingly similar designations after it became aware of Plaintiff. Defendants' acts of infringement complained of herein are malicious, fraudulent, willful, intentional, and done in bad faith, with full knowledge and conscious disregard of Plaintiff's right to the mark. In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of section 35(a) of the Lanham Act, 15, U.S.C. § 1117(a).

42. Plaintiff has been irreparably harmed, damaged and injured as a result of Defendants' infringements of Plaintiff's mark. In addition, Defendants have unlawfully and wrongfully derived, and will continue to derive, income and profits from their infringing acts.

### SECOND CLAIM FOR RELIEF
### (Unfair Competition and Deceptive Trade Practices)

43. Plaintiff incorporates by reference all allegations set forth.

44. Defendants, by their unauthorized appropriation and use of Plaintiff's registered trademark, AQUARIUZ®, or confusingly similar designations, have engaged, and are continuing to engage in acts of wrongful deception of the purchasing public, wrongful designation as to the source and sponsorship of goods, wrongful deprivation of Plaintiff's good name and reputation, and the wrongful deprivation of Plaintiff's right to public recognition and credit as the true source of Plaintiff's swimmable mermaid tails and swimming costumes.

45. Beginning October 25, 2019, and continuously after that date, Defendants have been manufacturing, distributing, selling and marketing swimmable mermaid tails under "Aquarius Mermaid Tails", a confusingly similar designation to Plaintiff's registered trademark, resulting in consumer confusion as to the source of Defendants' products.

46. On October 25, 2019, Defendants rebranded to "Aquarius Mermaid Tails" because their prior business, Swimtails, had garnered more than ninety 90 customer complaints with the Better Business Bureau. This high number of complaints was achieved during a relatively short period of operations, indicating Defendants' deliberate intention to defraud customers.

47. It is incredibly damaging to Plaintiff when consumers associate Defendants' unfair and deceptive trade practices with Plaintiff's business.

48. Such conduct constitutes an unfair trade practice and unfair competition under Section 1125(a) of the Lanham Act and Colorado common law.

49. Plaintiff has been irreparably harmed, damaged and injured as a result of Defendants' deceptive trade practices relating to Plaintiff's trademark. Defendants have unlawfully and wrongfully derived, and will continue to derive, income and profits from their wrongful acts.

### THIRD CLAIM FOR RELIEF
### (Accounting)

50. Plaintiff incorporates by reference all allegations set forth.

51. As set forth above, Plaintiff has been damaged as a result of Defendants committing acts of trademark infringement and unfair competition under the Lanham Act and Colorado common law in connection with their wrongful misappropriation of Plaintiff's mark, AQUARIUZ®.

52. As a result, Plaintiff has suffered damages.

53. Defendants have been unjustly enriched and Plaintiff is entitled to an accounting of Defendant's profits from its unauthorized use of Plaintiff's registered trademark.

### FOURTH CLAIM FOR RELIEF
### (Injunctive Relief)

54. Plaintiff incorporates by reference all allegations set forth above.

55. Defendants' use of "Aquarius Mermaid Tails", a confusingly similar designation to Plaintiff's registered trademark, in connection with goods and services has caused and will

continue to cause a dilution and disparagement of the distinctive quality of Plaintiff's service mark. Defendant's use of the mark has damaged, and will continue to damage, the capacity of Plaintiff's trademark, AQUARIUZ®, to identify and distinguish the goods and services of Plaintiff, all in violation of the trademark and unfair competition law.

56. Plaintiff will continue to suffer irreparable injury if Defendants are allowed to continue using the name "Aquarius Mermaid Tails" because it diminishes the very identity that Plaintiff's mark, AQUARIUZ®, has achieved in the market place.

57. There exists a high probability of confusion between Defendants' use of the name "Aquarius Mermaid Tails" and Plaintiff's mark, AQUARIUZ®. Plaintiff is subjected to damage to reputation and good will by those who mistakenly think that Plaintiff offered or provided Defendants' inferior services. Even if Defendants' services were not inferior, the probability of confusion of the two companies is sufficient to sustain an injunction against Defendants' use of the mark.

58. The actual injury being suffered by Plaintiff and the substantial likelihood of further injury caused by Defendants' infringing behavior outweighs the potential damage that would be suffered by Defendants as a result of the requested injunction.

59. Plaintiff has a substantial likelihood of prevailing on the merits of the claims set forth herein.

60. Plaintiff seeks a permanent injunction against Defendants' use of the name "Aquarius Mermaid Tails".

61. It is in the public's best interest to protect established trademarks and service marks; this injunction, if issued, would not be averse to public interest.

WHEREFORE, Plaintiff requests judgment against the Defendants for:

(a) A permanent injunction enjoining the Defendants and their agents, servants and employees from infringing in any manner the Plaintiff's registered trademark following a final decision in this action, including with respect to any domain names and social media account names.

(b) An accounting for, and payment to the Plaintiff of, all the following sums:

   (i) All gains, profits and advantages derived by Defendants as a result of their unfair trade practices and unfair competition; and

   (ii) All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's trademark;

(c) Such damages as the Court shall deem proper and within the provisions of the Lanham Act, but not less than the sum of $75,000.00;

(d) The delivery by Defendants, their agents, employees and all others holding with, through, or under them, or anyone acting on their behalf, of all swimmable mermaid tails, swim costumes, and other articles alleged to infringe the Plaintiff's registered trademark, to be impounded during the pendency of this action;

(e) The delivery by Defendants, their agents, employees and all holding with, through, or under them, or anyone acting on their behalf, of all infringing materials, for destruction following a final decision in this action;

(f) Additional damages in an amount to be determined during discovery for unfair and deceptive trade practices;

(g) Reasonable attorney fees;

(h) The costs of this action; and

(i) Such other and further relief as the court deems proper.

Respectfully submitted this 15th day of October, 2020.

        **LAW OFFICES OF DANIEL T. GOODWIN**

        s/Daniel T. Goodwin
        Daniel T. Goodwin, Esq.
        Shirin Chahal, Esq.
        10901 West 120th Ave., Suite 350
        Broomfield, CO 80021
        Phone: 303-763-1600
        Fax: 303-457-1175
        Email: dangoodwin@danieltgoodwin.com
               shirinchahal@danieltgoodwin.com
        *Attorneys for Plaintiff*

## VERIFICATION

I swear and affirm under oath that I have read the foregoing VERIFIED COMPLAINT and the statements contained in the Facts set forth therein, and I attest that all are true and correct to the best of my knowledge.

*[signature]*

**Trinity Winslow dba Aquariuz Mermaid Tails**

Subscribed, sworn and affirmed before me this ____ day of October, 2020, by Trinity Winslow, in the County of _____, _____, State of California.

Notary Public

*See Attached*
*10/12/2020*
*eaf*

My commission expires:

NOTARY SEAL

12

# Jurat

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Sonoma

Subscribed and sworn to (or affirmed) before me on this 12th day of October 2020, by Trinity Winslow, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

E. A. Foust
Commission Expires: 03/26/2023

E. A. FOUST
COMM. # 2282097
NOTARY PUBLIC • CALIFORNIA
SONOMA COUNTY
Comm. Exp. MARCH 26, 2023

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

Verified Complaint